NOT FOR PUBLICATION

FILED

JUL 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES E. GRIFFIN II, | No. 19-55598 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-02715-JLS-WVG |
| v. | |
| RACQUEL E. ZURBANO; DORRIE P. STEADMAN; MICHAEL J. ROGGELIN; K. SPENCE; MICHAEL SANTOS; MICHAEL MARTEL, Warden; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, Richard J. Donovan State Prison; DOES, 1-100; Medical Staff and Employees, Richard J. Donovan State Prison, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted July 21, 2020**

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Charles Griffin II appeals from the entry of summary judgment on his 42 U.S.C. § 1983, conspiracy, intentional infliction of emotional distress, and negligence actions against staff at the Richard J. Donovan Correctional Facility. The facts are known to the parties, and we do not repeat them here.

I

A

1

The district court correctly granted the defendants' motions for summary judgment on Griffin's claim of First Amendment retaliation. With respect to the decision to reduce Griffin's daily morphine dosage, Griffin failed to raise a genuine issue of Dr. Michael Santos's motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). With respect to the filing of two informational "chronos," Griffin failed to raise a genuine issue of nurse Racquel Zurbano or nurse supervisor Michael Roggelin's motive. *See id.*; *see also McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011). With respect to the filing of the Rules Violation Report and the placement of Griffin in administrative segregation, Griffin failed to raise a genuine issue of nurse Dorrie Steadman or lieutenant Ken Spence's motive. *See id.*

2

The district court properly granted the defendants' motions for summary

judgment on Griffin's claim of an Eighth Amendment violation. Griffin fails to raise a genuine issue of deliberate indifference; he merely disagrees with Dr. Santos's diagnostic protocol and treatment choices. *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).[1]

3

The district court correctly granted the defendants' motions for summary judgment on Griffin's 42 U.S.C. § 1985(3) claim of a conspiracy to violate constitutional rights. Griffin fails to identify specific facts from which a "meeting of the minds" could be inferred. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).

4

The district court did not err by screening out Griffin's procedural due process claim pursuant to 28 U.S.C § 1915A(b)(1). Griffin failed to state a claim that placement in administrative segregation deprived him of a liberty interest, *see May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997), or that any of defendants' actions could have been the legal cause of his eventual parole denial, *see Sandin v. Conner*, 515 U.S. 472, 487 (1995).

B

---

[1] Griffin forfeited any objection to the district court's entry of summary judgment on his Eighth Amendment claims against Roggelin, Zurbano, Steadman, and Spence because he failed to raise such claims in his opening brief. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

1

The district court correctly granted defendants' motions for summary judgment on Griffin's state-law claim of intentional infliction of emotional distress. Griffin fails to point to specific facts that would create a triable issue of "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Davidson v. City of Westminster*, 649 P.2d 894, 901 (Cal. 1982).

2

The district court properly granted defendants' motions for summary judgment on Griffin's negligence claim. Griffin did not provide evidence of the standard of care to which Dr. Santos is held. *See Scott v. Rayhrer*, 111 Cal. Rptr. 3d 36, 46–47 (Ct. App. 2010).

II

The district court's partial denial of Griffin's several motions to compel discovery was an appropriate exercise of its discretion. Defendants' attorney attested that the ledger of personal-safety-alarm activations does not exist. Griffin does not make the necessary "clearest showing that the denial of discovery results in actual and substantial prejudice." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citing *Hallett v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002)).

III

The district court properly exercised its discretion to deny Griffin's motion for unspecified relief complaining of a purported conflict of interest in the California Attorney General's representation of the correctional-staff defendants. Such representation is according to law. *See* Cal. Gov. Code § 11040.

**AFFIRMED.**